IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRYN D. RUSCO, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3160 |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | MEMORANDUM OPINION |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion to dismiss or in the alternative, motion for summary judgment (Filing No. 9). This action was brought by the plaintiff seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), wherein the Commissioner denied plaintiff's request for Social Security Disability Insurance benefits ("SSD") and Supplemental Security Income ("SSI") benefits. After careful review of the briefs, the evidentiary submissions and the applicable law, the Court finds that the defendant's motion to dismiss should be granted.

## I.  BACKGROUND

The plaintiff, Bryn D. Rusco ("plaintiff" or "Rusco"), initially filed for SSD and SSI benefits on December 12, 2003. This application was denied initially and upon reconsideration. Rusco filed a request for hearing and on June 14, 2005, a hearing was held before an administrative law judge who denied the

application.  Rusco requested review of this decision by the Appeals Council, which affirmed the decision of the administrative law judge in a letter dated April 19, 2006.  On June 5, 2006, Rusco filed the current action (Filing No. 1) in this Court seeking review of the Commissioner's decision.  The Commissioner now moves to have this action dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Rusco's complaint was not timely filed.

## II.  DISCUSSION

The procedure for obtaining judicial review of the Commissioner's decision is governed by 42 U.S.C. § 405(g), which provides, in relevant part, as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g)(emphasis supplied).  According to the applicable regulation, notice of the decision is presumed to be received five days after the date of the notice, "unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).  In this case, the notice of the Appeals Council's decision denying the plaintiff's request for review is dated April 19,

-2-

2006 (Filing No. 10-1, Ex. 2; Filing No. 10-2, Declaration of Ernest Baskerville, ¶ 3(a))(stating that the decision was mailed on April 19, 2006).  The plaintiff's complaint is file-stamped July 5, 2006.  There is no indication that the Commissioner has allowed the plaintiff any additional time to seek judicial review.  Thus, the defendant argues, the plaintiff's complaint is untimely, as it should have been filed on or before June 23, 2006, to satisfy the requirements of § 405(g).

In response, the plaintiff raises two arguments.  First, the plaintiff attempts to rebut the presumption that his representative, attorney Ross E. Stubblefield, received the Appeals Council's notice within five days of the date of the notice.  *See* 20 C.F.R. § 422.210(c).  According to the plaintiff, his representative did not actually receive the notice within five days of the April 19, 2006, mailing date.  The only evidence that the plaintiff submits to support this claim is the affidavit of his attorney's administrative assistant, Kara Kreimer who simply states that "the only copy of the Notice of Appeals Council Action which we have received . . . [is] the copy I received in my capacity as administrative assistant bears both the date April 19, 2006, and May 9, 2006."  While Kreimer's affidavit attempts to rebut the presumption that Stubblefield received the notice within five days of the April 19, 2006, mailing date, she does not attempt to rebut the presumption that

-3-

Rusco received the notice within five days of the April 19, 2006, mailing date.

The Eighth Circuit Court of Appeals has held "that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period."  *Bass v. Barnhart*, 337 F.3d 988, 990 (2003).  Where Rusco does not even attempt to rebut the presumption that he received the notice within five days of the April 19, 2006, mailing date, his receipt of the notice is presumed and triggers the sixty-day limitations period.  Because Rusco's July 5, 2006, complaint was filed more than sixty days after the presumptive receipt date of April 24, 2006, this action is untimely.

Next, Rusco argues that the statute of limitations should be equitably tolled.  Both the United States Supreme Court and the Eighth Circuit have recognized that § 405(g)'s limitations period may be equitably tolled under certain circumstances.  *See Bowen v. City of New York*, 476 U.S. 467, 480 (1986); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).  According to the circuit court:

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. . . . "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or

-4-

> clandestine way." . . . And this
> court has recognized the principle
> that "ignorance of legal rights
> does not toll a statute of
> limitations."

*Turner*, 862 F.2d at 710 (citations omitted).  The Supreme Court has also explained that while tolling may be appropriate in situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," the Court has generally been "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."  *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)(note and citations omitted).  Here, Rusco points to no extraordinary circumstances that would justify application of the doctrine of equitable tolling.  The Baskerville affidavit and the copy of the original notice evidence that the notice was sent on April 19, 2006.  The fact that the notice was later resent on May 9, 2006 and that the original notice was received only by Rusco and not by his attorney does not represent the extraordinary circumstances necessary to justify equitable tolling.  Thus, the Court will decline the invitation to toll the limitation period so as to render the complaint timely.

　　　　The Court will grant the defendant's motion for summary judgment because the complaint was untimely, having not been filed within sixty days of the presumptive receipt of the notice.

-5-

The complaint will be dismissed without prejudice.  A separate order will be issued in accordance with this memorandum opinion.

DATED this 5th day of December, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court